## Wheatley v. Division Board of Education of Hancock County, et al.

(Decided October 11, 1911.)

### Appeal from Hancock Circuit Court.

1. Schools—Dismissal of Teacher—Section 4447, Ky. Statutes—Repeals.—Section 4447, Kentucky Statutes, giving to the trustees power to dismiss a teacher with the consent of the County Superintendent where an examination of her register or monthly report shows that the average daily attendance for twenty consecutive days taught, has been less than twenty-five per centum of the total number of pupil children of the district, as shown by the last census, unless they shall be satisfied that the decreased attendance was due to such natural causes as high water, extremely inclement weather, epidemics, or unusual sickness in the district, was not repealed by sub-section 6, section 4426a, being a part of the act of March 24, 1908.

2. Written Notice.—Under section 4447, Kentucky Statutes, five days

notice in writing is not necessary before a teacher can be dismissed. Reasonable notice is all that is required.

MURRAY, MURRAY & BROWN for appellant.

EUGENE C. VANCE, J. R. HIGDON and BEN D. RINGO for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Jesse Wheatley, a teacher who held a first class certificate, was elected, on July 31st, 1909, by the Division Board of Education of Educational District No. 3 of Hancock County, Kentucky, to take charge of the common school in said educational division, in sub-district No. 1, for the school year beginning September 20th, 1909. On October 30th. 1909. she was dismissed by said Division Board, and its action was approved by the County Superintendent. She brought this action against the Division Board of Education of Educational Division No. 3 and its individual members for the purpose of recovering damages. She charged that the members of said board unlawfully and corruptly conspired together to effect her dismissal. and did unlawfully and wrongfully discharge her. A jury was impaneled and upon the conclusion of plaintiff's evidence the trial court directed a verdict in favor of the defendants. From that judgment the plaintiff appeals.

It developed upon the trial that the sub-district in question had a total enrollment of ninety-four pupils. The average attendance for the four weeks next preceding plaintiff's dismissal was about twelve. Prior to that time the attendance was much less. Plaintiff was dismissed on Saturday, October 30th. On the evening before, she was notified that the board would meet for the purpose of considering the question of her dismissal. When the board met on October 30th, plaintiff was present with her attorney, and there was also an attorney present to represent the Division Board. It was the contention of plaintiff's attorney that the statute under which the Division Board acted had been repealed by the Act of March 24th, 1908. After he presented this contention, plaintiff's attorneys and all others were excluded from the room, and an order was then entered dismissing plaintiff, which action of the board was approved by the County Superintendent.

Section 4447, of the Kentucky Statutes, is as follows:

"The board of trustees shall meet at the schoolhouse on the day of the opening 'of the school, and at the same place at least once a month thereafter during the session of the school. At each meeting they shall carefully examine the teacher's register, and shall consider: (1) The condition of the schoolhouse, furniture, apparatus and surroundings; (2) the work of the school; (3) the attendance, and how to increase it: (4) the needs of the school, such as fuel, brooms, buckets, crayons, desks, blackboards, books, etc. They shall provide for any deficiency that may exist in any of these respects, and see that the regulations for the government of the school are complied with, and that the teacher performs his duty; they shall see that a sufficient supply of good water is furnished within easy access of the schoolhouse for the benefit of the school during the term of school. Upon complaint of the teacher, in writing, the trustees shall have power, after investigation, to suspend a pupil or expel him from school. When the trustees shall ascertain, by examining a teacher's register or monthly report. that the average daily attendance for twenty consecutive days taught has been less than twenty-five per centum of the total number of pupil children of the district, as shown by the last census, they shall, with the consent of the County Superintendent, dismiss the teacher, and employ another teacher to complete the session of the school, unless they shall be satisfied that the decreased attendance was due to such natural causes as high water, extremely inclement weather, epidemics, or unusual sickness in the district."

It is the contention of appellant that this section is repealed by section 4426a,. subsection 6, the material part of which is as follows:

"Teachers shall be elected for one school year, but may be removed by the division board of the division in which the teacher is employed, at any time, subject to the approval of the county superintendent, for incompetency, neglect of duty or immoral conduct."

The argument is made that, by specifying the causes for which the Division Board may remove a teacher, it was the evident purpose to repeal section 4447 giving the trustees power to remove in case the teacher's register or monthly report showed that the average daily attendance for twenty consecutive days taught had been less than twenty-five per centum of the total number of pupil

children of the district, as shown by the last census, unless they should be satisfied that the decreased attendance was due to such natural causes as high water, extremely inclement weather, epidemics, or unusual sickness in the district. In the case of Prowse, et al. v. Board of Education for Christian County, 134 Ky., 365, this court said: ''While the act makes radical changes in our present school laws, it was manifestly not intended to be the whole law on the subject. The repealing clause is in these words: 'All laws and parts of laws in conflict with this act are hereby repealed.' Under this provision only so much of the old law as is in conflict with the new law is repealed. There are many subjects embraced in the old law which are not touched by the new; and it is manifest from the act that it was only intended to change the existing law in the particulars to which it relates.'' At the same time section 4447 was in force, section 4417, which gave to the county superintendent the power to remove any trustee or teacher for incompetency, neglect of duty, immoral conduct, or other disqualifications, was in force. By the enactment of section 4426a, subsection 6, it was the evident purpose of the Legislature to confer upon the Division Board the power vested in the County Superintendent by section 4417. These two sections existed side by side in the old act. They were both in force, and neither was inconsistent with the other. Neither is there any inconsistency or repugnancy between section 4477 and section 4426a, subsection 6. That being true, it follows that section 4447 is not repealed by the act of March 24th. 1908, article 6, Kentucky Statutes. The powers conferred by that section may now be exercised by the Division Board.

It is insisted, however, that plaintiff was entitled to five days' notice, in writing, under section 4417. That notice, however, applies solely to that section and has no application to a case arising under section 4447. All that is necessary, under the latter section, is to give a reasonable notice. Plaintiff was apprised the evening before the action was taken that the Division Board would meet and consider her case. All that was necessary to be considered was the attendance as disclosed by the register, and the further question whether or not the decreased attendance was due to high water, extremely inclement weather, epidemics, or unusual sickness in the

district. It was not contended then that any of these unusual conditions existed, and plaintiff admitted on her cross-examination that no such conditions had existed. We, therefore, conclude that the notice of the meeting at which action was to be taken was reasonable. The facts being admitted, and plaintiff not being in a position, therefore, to interpose any defense to the action of the Division Board, a longer notice would have availed her nothing.

But it is argued that, because one or two of the members of the Division Board stated to one or two patrons that they intended to dismiss the teacher and that there was no necessity for sending their children to the school, this was sufficient to justify the submission of the case to the jury on the question of malice and conspiracy. There is no evidence tending to show that the members of the Division Board conspired together for the purpose of preventing, or did prevent, any of the patrons from sending their children to the school. The statute having made it the duty of the members of the Division Board to act when a state of facts such as appear in this record is presented to them, their declaration, that they intended to do their duty and comply with the act, cannot be considered as evidence of malice or conspiracy.

Judgment affirmed.